[Cite as *State v. Robinson*, 2012-Ohio-4976.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.  2012 CA 17 |
| v. | : | T.C. NO.  11CR187 |
| | | 11CR239 |
| NICKLAUS I. ROBINSON | : | (Criminal appeal from |
| | | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___26th___ day of ___October___, 2012.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
 Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 E. Franklin Street, Centerville, Ohio 45459
 Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

 **{¶ 1}** This matter is before the Court on the Notice of Appeal of Nicklaus I.

Robinson, filed April 27, 2012. Robinson appeals from the trial court's April 2, 2012

judgment entry of conviction and sentence to an aggregate term of 30 months for multiple

offenses.

{¶ 2} Robinson was indicted, on August 16, 2011, in Case No. 2011 CR 187, on

one count of breaking and entering, in violation of R.C. 2911.13(A)(C), a felony of the fifth

degree (count one); one count of theft, in violation of R.C. 2913.02(A)(1)(B)(2), a

misdemeanor of the first degree (count two); one count of unauthorized use of a motor

vehicle, in violation of R.C. 2913.03(B)(D)(3), a felony of the fifth degree (count three); one

count of theft, in violation of R.C. 2913.02(A)(1)(B)(2), a misdemeanor of the first degree

(count four); and one count of theft, in violation of R.C. 2913.02(A)(1)(B)(2)/2913.71(A), a

felony of the fifth degree (count five). Robinson was released on his own recognizance, and

the August 26, 2011 Entry provides in part:

The condition of this Recognizance is such that if the above bound

Nicklaus Ian Robinson personally be and appear before said Common Pleas

Court at the call of the Court then and there to answer [the above charges]

and abide the order and judgment of the Court, and appear from day to day

and not depart without leave until such case is finally disposed of, then this

recognizance shall be void; otherwise it shall be and remain in full force and

virtue in law.

SPECIAL CONDITIONS:

Restrictions on travel Defendant is on house arrest at 415 Moull St.,

except to go directly to and from court hearing, attorney's office and drug test

on Monday, August 29, 2011.

{¶ 3}    On October 13, 2011, in Case No. 2011 CR 239, Robinson was indicted on one count of failure to appear in relation to case no. 2011 CR 187, in violation of R.C. 2937.29/2937.99(B), a felony of the fourth degree.

{¶ 4}    On February 13, 2012, Robinson pled guilty to all of the above offenses. At the sentencing hearing, defense counsel argued that counts one and two in 2001 CR 187 are allied offenses, and that "there are no additional counts that would merge for purposes of sentencing." Counsel further stated that Robinson "made the decision in case 187 to break into the Depot and to take the car and to steal the money and the credit cards under the influence of drugs for the purpose of obtaining more drugs." Counsel for Robinson also stated as follows: "I also reviewed the PSI and find that it is relatively accurate. My client informs me or just informed me as the State was reciting prior convictions that he does not have a conviction for forgery. I do not have any additional information beyond what my client tells me * * * According to my client, he has no prior felony convictions * * * ."[1]

{¶ 5}    The court merged counts one and two, and the State elected to proceed to sentencing on count one. The trial court sentenced Robinson to 12 months on count one; 12 months on count three; three months on count four; 10 months on count five; and 18 months for failure to appear. The court specifically found Robinson was not amenable to community control and "that the offense in 2011 CR 239 was committed while defendant was on bond." The court indicated that it reviewed the purposes and principles of sentencing, and the judgment entry of conviction provides: "All counts are concurrent with each other except that Count one in [C]ase 2011 CR 187 and Count one in Case 2011 CR

---

[1]Although counsel disputed the forgery conviction, he did not dispute the prior receiving stolen property conviction in Columbus, Ohio.

239 are consecutive to each other making a total confinement of thirty (30) months." Regarding consecutive sentences, the court further specifically found that "consecutive sentences are imposed on the two counts mentioned because consecutive sentence is necessary to protect the public from future crime and punish the defendant," and that "consecutive sentences are not disproportionate to the seriousness of defendant's conduct, and to the danger defendant poses to the public." Finally, the court specifically found that Robinson committed one or more offenses while awaiting trial.

{¶ 6} The pre-sentence investigation report provides that, on August 3, 2011, John Dike reported to Urbana Police Officer Kip Michael that Robinson took his 2001 Honda Accord without his permission, and that he believed Robinson "might be en route to Springfield to buy cocaine," because Dike's "wallet was missing containing $130.00." Dike and his roommate, Daniel Scott, also reported that a television and an Xbox were missing. The report further provides that on August 6, 2011, a Columbus police officer observed Dike's vehicle in a hotel parking lot with Robinson inside. After being taken into custody, the report provides that Robinson admitted that "he had got rid of" the Xbox and television, and that he had burglarized a coffee shop and stolen $200.00. Robinson also had Daniel Scott's credit card in his possession, which he stated he used to buy cigarettes, according to the report.

{¶ 7} Robinson's version of events, as reflected in the police report, provides in part: I started using heroin and cocaine and with-in (sic) a matter of 2 weeks, I committed everything that I'm in trouble for. All of the things I did, I did while high on drugs. Even when I left the Caring Kitchen

where I was on house arrest at, and ended up missing my court date. I picked up the failure to appear charge because of that. The whole reason I left the Caring Kitchen was because I was given drugs by someone in the [C]aring Kitchen who was staying there and I left there not with the intention of missing my court date or going on the run - but I just wanted to get more drugs. It's as if once I start doing drugs, I can't stop and all that matters is getting my next high. When I took John [D]ike's car, I was on 5 different drugs and once again, I just wanted my next fix.

**{¶ 8}** The report provides that Robinson was convicted of assault in 2006, and multiple misdemeanor drug related offenses in 2010. The report also indicates that Robinson's record consists of receiving stolen property and "forgery uttering," in Columbus, Ohio, in Case No. 17686-1-11, in 2011. The report further indicates that Robinson completed an out-patient substance abuse treatment program at Talbot Hall in Columbus in 2002, and also completed the Licking County Alcohol Prevention Program in 2001.

**{¶ 9}** Robinson asserts three assignments of error. His first assignment of error is as follows:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING DEFENDANT FOR UNAUTHORIZED USE OF A MOTOR VEHICLE AND THEFT, WHEN THOSE OFFENSES CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT."

**{¶ 10}** Robinson asserts that the money he took that resulted in the theft charge at issue was "attached to the keys to the car within a wallet." According to Robinson, he

"committed both offenses with the same conduct. Obviously, Mr. Robinson could not take the automobile without first taking the keys. Because the keys were attached by metal wire to a wallet, which contained the currency, the acts were committed with the same conduct."

{¶ 11}   Ohio's multiple counts statute provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 12}   As the Ohio Supreme Court instructed in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-51.

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

{¶ 13} R.C. 2913.03 proscribes the unauthorized use of a vehicle and provides in part: "(B) No person shall knowingly use or operate an aircraft, motor vehicle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours."

{¶ 14} R.C. 2913.02 proscribes theft and provides in part: "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent."

{¶ 15} Robinson did not argue that the unauthorized use of a vehicle and theft were subject to merger at the time of his plea or sentencing. *See State v. Rogers*, 2d Dist. Greene No. 2011 CA 0057, 2012-Ohio-4451 (concluding that Rogers' failure to argue at sentencing that theft and passing bad checks were allied offenses waived all but plain error,

and holding that merger was avoided because Rogers' conduct in stealing the check was not the same conduct in which he engaged when he negotiated the check). Nothing in the record supports Robinson's assertion that in committing the unauthorized use of a vehicle, and in taking Dike's money, he committed a single act with a single state of mind. Rather, the pre-sentence investigation report makes clear that Robinson took Dike's car to drive to Columbus to purchase drugs with Dike's money, which is consistent with defense counsel's representation at the sentencing hearing. Although the vehicle was recovered, the record does not support a conclusion that the cash was recovered. Furthermore, nothing in the record supports a conclusion that the wallet containing cash was attached to the car keys, nor a finding that the theft of the cash and misuse of the vehicle were accomplished by the same conduct. Since the trial court did not err in sentencing Robinson for unauthorized use of a vehicle and theft, his first assigned error is overruled.

{¶ 16} Robinson's second assignment of error is as follows:

"THE COURT COMMITTED REVERSIBLE PLAIN ERROR AND OTHERWISE ABUSED ITS DISCRETION ON ALL SENTENCES IMPOSED IN BOTH CASES IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT."

{¶ 17} As this Court has previously noted:

We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, [¶ 4]. First, we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is

clearly and convincingly contrary to law." *Id*. If this step is satisfied, the trial court's sentencing must then be reviewed on an abuse of discretion standard. *Id*. Generally, abuse of discretion occurs when a decision is grossly unreasonable, unsound, illegal, or unsupported by the evidence. *State v. Money*, 2d Dist. Clark No. 2009 CA 119, 2010-Ohio-6225, [¶ 13]. "Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the range permitted by the applicable statute." *State v. Bailum*, 2d Dist. Clark No. 2007 CA 55, 2008-Ohio-2999, [¶ 5].

*State v. Roebuck*, 2d Dist. Montgomery No. 24799, 2012-Ohio-1859, ¶ 9.

{¶ 18} R.C. 2929.13, as amended by Am. Sub. H.B. 86, effective September 30, 2011, creates a presumption in favor of community control and provides in relevant part:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense of violence that is a misdemeanor and that the offender committed within two years of the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if any of the following apply:

\* \* \*

(iii) The offender violated a term of the conditions of bond as set by the court.

\* \* \*

(c) If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. Not later than forty-five days

after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any.   Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court or for forty-five days, whichever is the earlier.

* * *

(2) If division (B)(1) of this section does not apply, except as provided in division (B)(3) * * * of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:

* * *

(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

* * *

(3)(a) If the court makes a finding described in division (B)(2) * * * (h) of this section and if the court, after considering the factors set forth in

section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

{¶ 19} Section Four of Am. Sub. H.B. 86 provides: "The amendments to * * * division (B) of section 2929.13 * * * of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code make the amendments applicable."

{¶ 20} R.C. 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 21} R.C. 2929.14(C), as amended by Am.Sub. H.B. 86, provides:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crimes or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, * * * .

* * *

**{¶ 22}** Since Am.Sub. H.B. 86 took effect on September 30, 2011, and the trial court sentenced Robinson on March 16, 2012, the trial court was required to sentence him under the new provisions.  Robinson initially argues that  the trial court failed to comply with R.C. 2929.13(B)(1)(c), in Case No. 2011-CR-187, in that it did not contact the department of rehabilitation and correction and request information regarding community control sanctions prior to imposing a prison term.   We conclude that Robinson is exempted from the application of R.C. 2929.13(B)(1)(c), by virtue of the application of R.C. 2929.13(B)(1)(iii), pursuant to which the court acted within its discretion in imposing a prison term, since Robinson violated the bond imposed in Case No. 2011 CR 187. The court possessed the discretion since Robinson failed to appear in court as ordered.

**{¶ 23}** Regarding Case No. 2011 CR 239, R.C. 2929.13(B)(2)(h) requires the court to determine   whether the offender committed the offense while released from custody on "a bond or personal recognizance," and the court specifically made such a finding, as well as a finding that Robinson is not amenable to community control.  R.C. 2929.13(B)(3)(a) then allowed the court to impose a prison term.  We further note that Robinson's felony sentences do not exceed the statutory range.  R.C. 2929.14(A)(4);(5). Finally, the court made the requisite findings under R.C. 2929.14(C)(a).

**{¶ 24}** Since Robinson's sentences are not contrary to law, and since an abuse of discretion is not demonstrated, his second assigned error is overruled.

{¶ 25}   Robinson's third assigned error is as follows:

"THE DEFENDANT WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 26}   According to Robinson, defense counsel was defective for failing to assert that counts three and four were allied offenses of similar import and for failing to object to the trial court's failure to request information regarding sanctions from the department of rehabilitation and correction.

{¶ 27}   As this Court has previously noted:

"We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688.   To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different.   *Id.*   Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted).

*State v. Mitchell*, 2d Dist. No. 21957, 2008-Ohio-493, ¶ 31.

**{¶ 28}** As discussed at length above, the record is clear that unauthorized use of a vehicle and the theft offense at issue were not subject to merger at sentencing, and an argument to the contrary would not have altered the outcome of the proceedings below. Further, the trial court was not required to comply with R.C. 2929.13(B)(1)(c) prior to imposing a prison term, since R.C. 2929.13(B)((1)(b)(iii) granted the court discretion to sentence Robinson to prison. Since ineffective assistance is not demonstrated, Robinson's third assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio
Daniel F. Getty
Hon. Roger B. Wilson