[Cite as *State v. Parker*, 2017-Ohio-4294.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104610

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CAMERON PARKER

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603992-A

**BEFORE:** Stewart, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 15, 2017

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street, Suite 303
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Brett Hammond
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Cameron Parker was indicted on one count of felonious assault, one count of kidnapping, and one count of disrupting public services after getting violent in the midst of an argument with his ex-girlfriend. He entered a negotiated plea, pleading guilty to two counts: burglary, a fourth-degree felony, in violation of R.C. 2911.12(B), and assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A). The third count was nolled. The court sentenced Parker to 18 months in prison and imposed a $500 fine. Parker raises a single assignment of error, arguing that the trial court was required to impose community control sanctions instead of a prison term. For the reasons that follow, we affirm the decision of the trial court.

{¶2} Before reaching the merits of this case, we note that there appeared to be an issue of whether we have a final appealable order. While the journal entry states that the court imposed a sentence of 18 months on Count 2, there is no clear sentence entry for Count 1. The remaining count, as mentioned, was nolled. The journal entry does, however, contain the following statement: "[t]he defendant is ordered to pay a fine in the sum of $500.00. ($250.00 fine on each count)." Because Parker pleaded guilty to two counts, it follows that the sentence for Count 1 consisted solely of a $250 fine. Review of the sentencing transcript confirms this. The court stated "[o]n the charge of simple assault, the sentence of the Court is $250 and costs." Tr. 19. Finding that we have a final, appealable order, we proceed to the merits.

{¶3} As outlined in the presentence investigation report, and as confirmed by the victim at sentencing, Parker's burglary and assault convictions arose when he went to his ex-girlfriend's home and argued with her about seeing her phone. The argument became physical. Parker strangled his ex-girlfriend and threw her on her bed. She tried to escape multiple times, but was unable to do so. Parker strangled her again. He then struck her in the face several times with a closed fist causing facial lacerations. Parker refused to take her to the hospital and left. The ex-girlfriend then called 911 and was taken to the hospital by EMS where she received stitches for lacerations on her mouth.

{¶4} Parker assigns as error that the trial court abused its discretion by sentencing him to a prison term on the burglary count, a fourth-degree felony.

{¶5} Although this court has no authority to review Parker's sentence for an abuse of discretion, *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 65 (8th Dist.), our review of felony sentences is governed by the standards set forth in R.C. 2953.08(G)(2) which, in relevant part, provides that an appellate court may disturb a sentence upon finding, by clear and convincing evidence, that either the record does not support the sentence under R.C. 2929.13(B), or that the sentence is "otherwise contrary to law."

{¶6} R.C. 2929.13 circumscribes a court's ability to impose a prison sentence for felony convictions. Subdivision (B)(1)(a) creates a presumption in favor of community control sanctions for felonies of the fourth or fifth degree that meet specified criteria.

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to [R.C. 2929.13(B)(1)(c)], the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender has committed within two years prior to the offense for which sentence is being imposed.

R.C. 2929.13(B)(1)(a).

{¶7} Parker argues that pursuant to R.C. 2929.13(B)(1)(a), the court was required to sentence him to a community control sanction. There is no dispute that this was Parker's first felony conviction, that the most serious charge he was convicted of was a fourth-degree felony, nothing in the record suggests that the court made a request of the department of rehabilitation and correction, and there is no claim that Parker has a previous misdemeanor conviction for an offense of violence. It would seem then that Parker should have received a community control sanction. Application of R.C. 2929.13(B)(1)(a), however, is subject to R.C. 2929.13(B)(1)(b).

{¶8} Subdivision (B)(1)(b) contains several factors which permit the court to impose a prison sentence for a felony conviction that would otherwise qualify for mandatory community control sanctions. The statute provides:

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶9} At sentencing the court stated its reasons for imposing a prison term as follows:

This Court does find that Mr. Parker was previously convicted of an assault in the Cuyahoga County Juvenile Court. That this assault and the probation report indicates that this has been a pattern that has been established of violence. Therefore the Court does find that Mr. Parker falls outside of the guidelines that would indicate that Mr. Parker has to receive probation because this is his first conviction as an adult.

Tr. 19. None of the court's findings, however, trigger any of the 11 (B)(1)(b) factors listed above. Based on the trial court's statement that "Mr. Parker was previously convicted of an assault in the Cuyahoga County Juvenile Court," it appears that the court sentenced Parker pursuant to subdivision (B)(1)(b)(vii) which gives the court discretion to impose a prison term if "[i]n committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person." But this provision would be inapplicable because an adjudication in the juvenile court is not the same as a criminal conviction, *see State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, ¶ 38, so the trial court erred by imposing a prison term based on this finding.

{¶10} Nonetheless, we do not find by clear and convincing evidence that the record does not support the trial court's sentence or that the sentence is otherwise contrary to law. Subdivision (B)(1)(b)(ii) does apply to justify the trial court's imposition of a prison term: Parker caused physical harm to the victim while committing the offense. The presentence investigation report and the statements of the victim confirm that Parker strangled the victim and struck her in the face multiple times, causing injury severe enough to require medical attention. Based on these facts, the trial court had discretion to sentence Parker to prison instead of imposing community control sanctions. Accordingly, Parker's assignment of error is overruled.

**{¶11}** Although not raised as an assigned error, Parker notes that the trial court misstated his postrelease control requirement pursuant to R.C. 2967.28(C) when the court told him that the parole authority would necessarily impose a period of postrelease control. The statute does not require a period of postrelease control as part of Parker's sentence; however, it gives the parole board discretion to impose up to three years of postrelease control. *Id.* The journal entry reflects that postrelease control in this case is not mandatory: it lists the potential consequences "if/when post release control supervision is imposed." Because "a court speaks through its journal," *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990), and since the journal entry is both correct and controlling, there is no error.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR