[Cite as *State v. Lawson*, 2018-Ohio-1532.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

STATE OF OHIO                                          :
                                                       :
    *Plaintiff-Appellee*                              :    Appellate Case No. 2017-CA-28
                                                       :
v.                                                     :    Trial Court Case No. 2017-CR-100
                                                       :
DOUGLAS L. LAWSON                                      :    (Criminal Appeal from
                                                       :    Common Pleas Court)
    *Defendant-Appellant*                            :
                                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2018.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

BRIAN BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Douglas L. Lawson, appeals from his convictions for one count of aggravated possession of methamphetamine, a fifth degree felony under R.C. 2925.11(A) and (C)(1)(a); and one count of petty theft, a first degree misdemeanor under R.C. 2913.02(A)(1) and (B)(2). Lawson, who pleaded guilty to the two offenses, argues that the trial court erred by disregarding the record when it sentenced him to concurrent terms in prison, rather than sentencing him to community control. In the alternative, Lawson argues that the court failed to comply with the requirements of R.C. 2929.13(B)(1)(c), and that the court miscalculated the amount of jail-time credit to which he was entitled. We find that the trial court did not err, and therefore, we affirm.

## I. Facts and Procedural History

{¶ 2} On June 13, 2017, a Champaign County grand jury issued a four-count indictment against Lawson, charging him with: Count 1, aggravated possession of methamphetamine in violation of R.C. 2925.11(A); Count 2, forgery in violation of R.C. 2913.31(A)(2); Count 3, forgery in violation of R.C. 2913.31(A)(3); and Count 4, petty theft in violation of R.C. 2913.02(A)(1). Lawson initially pleaded not guilty but subsequently entered into a plea agreement with the State, pursuant to which he pleaded guilty to Counts 1 and 4, and agreed to pay restitution. Tr. of Plea Hr'g 3:15-3:22 and 4:20-4:23, July 17, 2017. For its part, the State dismissed Counts 2 and 3, and agreed to recommend that the court sentence Lawson to community control. *See id.* at 3:23-4:19.

{¶ 3} At Lawson's sentencing hearing, the State formally recommended that he be sentenced to community control, suggesting as well that the court make the sentence conditional on his receipt of mental health and substance abuse counseling. Tr. of

Sentencing Hr'g 3:14-4:9, July 27, 2017. The court, however, did not act on the State's recommendation because of Lawson's drug abuse, record of previous convictions, and a then-pending criminal matter in Kentucky. *See id.* at 5:2-6:7. Finding that "community control is just not the solution for somebody with [his] kind of drug problem," and that "a community control sanction or combination of community control sanctions [would] not protect the public from [the possibility that he would commit] future crime[s]," the court sentenced Lawson to serve concurrent terms of 12 months in the London Correctional Institution and six months in the Tri-County Regional Jail. *See id.* at 5:18-6:7 and 7:20-8:19.

**{¶ 4}** Acting on his own behalf, Lawson filed a criminal docket statement on September 22, 2017, indicating that he sought to appeal his convictions. On October 6, 2017, this court issued an order directing Lawson to show cause why his appeal should not be dismissed for lack of jurisdiction or for his failure to comply with App.R. 3. Lawson filed a response on October 16, 2017, which we construed as a motion for leave under App.R. 5(A). In our decision of November 14, 2017, we sustained the motion for leave, and on November 29, 2017, we appointed counsel to represent Lawson.

## II. Analysis

**{¶ 5}** For his first assignment of error, Lawson contends that:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM SENTENCES AS THE RECORD CLEARLY AND CONVINCINGLY DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS.

**{¶ 6}** Lawson argues that the trial court disregarded the record by fixating on his

prior convictions and by discounting his expression of remorse, his cooperativeness and his acceptance of responsibility. *See* Appellant's Br. 5. Essentially, Lawson posits that the purported overemphasis on his prior convictions is itself clear and convincing evidence that the record does not support his sentences. *See id.* at 5-6. The State observes in response that despite Lawson's candor "in describing his life and history," the record before the court showed that Lawson "had a high [Ohio Risk Assessment System] score[] [and] a history of criminal convictions" for which he had served "multiple prison terms"; that Lawson did "not respond[] favorably to [criminal] sanctions previously imposed"; and that Lawson had "a demonstrated pattern of drug [ab]use." Appellee's Br. 5.

{¶ 7} A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Even so, the "court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.

{¶ 8} R.C. 2929.11(A) mandates that a court sentencing an offender for a felony "shall be guided" by the "overriding purposes" of "protect[ing] the public from future crime by the offender and others" and "punish[ing] the offender," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or local government resources." Accordingly, the "court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* R.C.

2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 9} Pursuant to R.C. 2929.12(A), in "exercising [its] discretion" to determine "the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.] 2929.11," a court must consider, among other things, a list of nine factors "indicating that [an] offender's conduct [was] more serious than conduct normally constituting" the offense for which the offender was convicted; a list of four factors "indicating that the offender's conduct [was] less serious than conduct normally constituting the offense"; a list of five factors "indicating that the offender is likely to commit future crimes"; and a list of five factors "indicating that the offender is not likely to commit future crimes." *See also* R.C. 2929.12(B)-(E). The court "may [also] consider any other factors that are relevant to achieving [the] purposes and principles of [felony] sentencing." R.C. 2929.12(A).

{¶ 10} With respect to an offender convicted of "a misdemeanor or minor misdemeanor," a court likewise "shall be guided by the overriding purposes of * * * protect[ing] the public from future crime by the offender and others" and "punish[ing] the offender." R.C. 2929.21(A). This requires that the court "consider the impact of the offense upon the victim," along with "the need for changing the offender's behavior, rehabilitating the offender, and making restitution." *Id.* Additionally, a misdemeanor sentence "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing," while being "commensurate with and not demeaning to the

seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶ 11} Under R.C. 2953.08(G), an appellate court may modify or vacate a felony sentence only if it finds by clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23; *State v. Davis*, 2d Dist. Champaign No. 2016-CA-22, 2017-Ohio-6904, ¶ 8, citing *Marcum* at ¶ 22. Clear and convincing evidence is a "degree of proof [greater] than a mere 'preponderance of the evidence' " that "produce[s] in the mind of the trier of fact[] a firm belief or conviction as to the facts sought to be established"; evidence that satisfies this standard need not satisfy the higher standard of " 'beyond a reasonable doubt,' " which applies in criminal trials. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *Marcum* at ¶ 22, quoting *Cross*, 161 Ohio St. 469, paragraph three of the syllabus. An appellate court "review[s] a misdemeanor sentence[] for an abuse of discretion." *State v. Fankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 18 (2d Dist.), citing *State v. Peagler*, 2d Dist. Montgomery No. 24426, 2012-Ohio-737, ¶ 3; *see also State v. Horton*, 2017-Ohio-8549, ___ N.E.3d ___, ¶ 36 (10th Dist.).

{¶ 12} Here, the trial court sentenced Lawson to concurrent terms of 12 months in the London Correctional Institution for his violation of R.C. 2925.11(A), a fifth degree felony, and to six months in the Tri-County Regional Jail for his violation of R.C. 2913.02(A)(1), a first degree misdemeanor. Tr. of Sentencing Hr'g 7:20-8:19. Notwithstanding the State's recommendation that Lawson be sentenced to community

control, the court voiced concern regarding Lawson's history of previous criminal convictions, his high Ohio Risk Assessment System score, and particularly, his "drug situation," which it viewed as potentially "the biggest part of [his] problem." *Id.* at 5:2-5:20 and 6:25-7:14. The court indicated that it generally did "not * * * favor [a term in] prison on F-5s," but it concluded that non-residential community control would be inadequate to address Lawson's difficulty with drug abuse. *Id.* at 7:1-7:14. Noting that residential treatment programs were not available to Lawson because of the criminal matter pending against him in Kentucky, the court determined that a term of imprisonment might be Lawson's "only solution" because of the "chance that [he] could get some help there." *Id.* at 5:18-6:7 and 6:25-7:7.

{¶ 13} We find no clear and convincing evidence that the sentences imposed by the trial court are unsupported by the record. Although a prison sentence for a fifth degree felony is disfavored under R.C. 2929.13(B)(1)(a), which the court implicitly acknowledged in its remarks, the court had the option to sentence Lawson to prison pursuant to R.C. 2929.13(B)(1)(b)(x). The trial court's imposition of prison sentences is supported by Lawson's high Ohio Risk Assessment System score; his history of prior convictions for serious offenses; the relationship of his drug abuse to his commission of criminal acts; and his apparent unwillingness to accept that his drug abuse is a problem. Tr. of Sentencing Hr'g 5:2-7:14. Both of the sentences, furthermore, fall within statutory guidelines, meaning that they are valid exercises of the trial court's discretion. *State v. Graham*, 2d Dist. Montgomery Nos. 26205 & 26206, 2015-Ohio-896, ¶ 20; *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.); *see also* R.C. 2929.14(A)(5) and 2929.24(A)(1). Lawson's first assignment of error is overruled.

{¶ 14} For his second assignment of error, Lawson contends that:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY SENTENCING DOUGLAS LAWSON TO A PRISON TERM.

{¶ 15} The wording aside, Lawson argues in his second assignment of error that his sentences should be vacated because the trial court failed to comply with R.C. 2929.13(B)(1)(c). *See* Appellant's Br. 7-8. According to the State, R.C. 2929.13(B)(1)(c) did not apply because the court "was not amenable to sentencing [Lawson] to community control" without placing him in "a treatment facility," none of which were available as the result of the pending case against him in Kentucky. Appellee's Br. 6.

{¶ 16} Under R.C. 2929.13(B)(1)(c), if a court sentencing an offender for a fourth or fifth degree felony "that is not an offense of violence * * * believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing," then it "shall contact the department of rehabilitation and correction and ask [for] the names * * * of one or more community control sanctions of at least one year's duration that are available." The trial court in this case did refer obliquely to the availability of treatment programs suitable for Lawson, yet it also found expressly that "putting [him] on community control [was] not going to help." Tr. of Sentencing Hr'g 6:1-6:7 and 7:8-7:14. In other words, the court did not question whether suitable community control programs were available; instead, the court determined that no community control sanctions were likely to "adequately fulfill the overriding principles and purposes of sentencing." R.C. 2929.13(B)(1)(c); *see* Tr. of Sentencing Hr'g at 6:1-7:14; R.C. 2929.13(B)(1)(c). The fact of Lawson's prior

convictions, in any event, gave the court "discretion to impose a prison term" under R.C. 2929.13(B)(1)(b)(x). *State v. Robinson*, 2d Dist. Champaign No. 2012 CA 17, 2012-Ohio-4976, ¶ 22; *State v. Parker*, 8th Dist. Cuyahoga No. 104610, 2017-Ohio-4294, ¶ 6-10; Tr. of Sentencing Hr'g at 8:3-8:8. Lawson's second assignment of error is overruled.

{¶ 17} For his third assignment of error, Lawson contends that:

THE TRIAL COURT ERRED IN ITS CALCULATION OF JAIL-TIME CREDIT.

{¶ 18} Lawson faults the trial court for failing to credit the time he spent in jail between the date on which the court accepted his pleas, July 7, 2017, and the date on which he was transferred to the department of corrections, July 31, 2017. Appellant's Br. 9-10. During this interval, however, Lawson was incarcerated "by reason of a sentence previously imposed for a different offense," and consequently, he is not entitled to additional jail-time credit for the period running from July 7, 2017, through July 31, 2017. *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 10; Final Appealable Order 2, Aug. 29, 2017. Lawson's third assignment of error is overruled.

### III. Conclusion

{¶ 19} We find that Lawson has not demonstrated with clear and convincing evidence that the record does not support the sentences imposed by the trial court. Further, we hold that Lawson's sentences should not be vacated pursuant to R.C. 2929.13(B)(1)(c), and that the trial court correctly determined the amount of jail-time credit to which Lawson was entitled. Lawson's assignments of error are overruled, and the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. concurs.

FROELICH, J., concurring:

{¶ 20} Former Federal Judge Marvin E. Frankel once argued that "individualized sentencing has gotten quite out of hand. * * * [I]ndividualized justice is prima facie at war with such concepts, at least as fundamental, as equality, objectivity, and consistency in the law." Marvin E. Frankel, *Criminal Sentences: Law Without Order* 10 (1973), cited in Pryor, *Federalism and Sentencing Reform in the Post-Blakeley/Booker Era*, 8 Ohio St. J. Crim. L. 515 (2011). Forty-five years later there is a concern that those core concepts – equality, objectivity, and consistency – are "at war" with algorithmic, actuarial risk assessment. *See, e.g.,* Sidhu, *Moneyball Sentencing*, 56 B.C.L. Rev. 671 (2015); and Miller, *Sentencing Equality Pathology*, 54 Emory L. Rev. 271 (2005).

{¶ 21} To the extent the trial court only considered the Ohio Risk Assessment System[1] scores, but did not depend or rely on them (as opposed to relying on Lawson's criminal history and the statutory sentencing factors),[2] this is not the case for an exegesis on the potential problems and unintended consequences of such statistical tools.[3] Therefore, I concur.

---

[1] The Ohio Risk Assessment System is the risk assessment tool adopted, pursuant to R.C. 5120.114, by the Department of Rehabilitation and Correction. Ohio Adm.Code 5120-13-01.

[2] "[A]t most, it [ORAS] may be one factor in informing a trial court's discretion * * *." *State v. Jennings*, 2d Dist. Clark No. 2013-CA-60, 2014-Ohio-2307, ¶ 28.

[3] "Statistics are human beings with the tears wiped off." Paul Brodeur, *Outrageous Misconduct: The Asbestos Industry on Trial* (1985).

Copies mailed to:

Jane A. Napier
Brian Brennaman
Hon. Nick A. Selvaggio