**[Cite as *State v. Chatterton*, 2020-Ohio-5350.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-42 |
| | : | |
| MATTHEW V. CHATTERTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of November, 2020.

. . . . . . . . . . .

JANNA PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County
Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, 202 North Limestone Street, Suite
250, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Matthew V. Chatterton appeals from his conviction for aggravated possession of drugs (methamphetamine), a felony of the fifth degree, for which he received a prison sentence of 12 months. His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal and asking permission to withdraw as counsel.   By entry filed July 16, 2020, we notified Chatterton that his counsel found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. He has not filed a brief.

{¶ 2} Chatterton was arrested on December 22, 2019 in Miami County.   He had been a rear-seat passenger in a vehicle that had struck a median dividing wall on Interstate 75, got a flat tire, and was disabled on the right-side berm. Troopers discovered in LEADS that the vehicle had been reported stolen. The driver and Chatterton were removed from the car. An inventory of the vehicle revealed a box in the rear seat containing methamphetamine, multiple hypodermic needles, multiple empty baggies, a tie-off band, two smoking pipes and a digital scale with residue. The driver stated that the property in the box belonged to Chatterton. Chatterton was advised of his *Miranda* rights. When asked if the property in the box was his, he responded "most of it." He was belligerent throughout.

{¶ 3} Chatterton was charged with possession of controlled substances, a felony of the fifth degree, possession of criminal tools, a felony of the fifth degree, and possession of drug abuse instruments, a misdemeanor of the first degree. The case was bound over to the common pleas court after a waiver of a preliminary hearing on January

2, 2020. On January 28, 2020, after being fully advised of his right to an indictment, Chatterton waived that right and agreed to be charged by way of a bill of information. A bill of information listed only the charge of aggravated possession of methamphetamine, a fifth-degree felony, to which Chatterton pled guilty; in exchange, the State agreed to dismiss the remainder of the charges. Then, after a complete Crim. R. 11 colloquy, Chatterton knowingly, intelligently and voluntarily pled guilty to the charge.

{¶ 4} A presentence investigation (PSI) was ordered and sentencing was set for February 2020. On that date, the trial court indicated it had reviewed the presentence investigation, and Chatterton admitted that he had felony convictions and that he had been sent to prison twice before. The record reflects the court considered the presentence investigation, the purposes and principles of sentencing and the risk and recidivism factors. Most telling, the PSI writer reported that Chatterton "acted as though this was all a waste of time * * * he has no interest in participating in a program * * * [and] lacks responsibility for his actions." The court imposed a sentence of 12 months in prison and correctly advised Chatterton of post-release control.

## Potential Assignment of Error

{¶ 5} Chatterton's counsel's brief raises a potential assignment of error that challenges his maximum prison sentence. In addition, the argument in the brief suggests that community control should be the default sentence for a fifth-degree felony. That is not the case here. Two statutory provisions indicate Chatterton was not required to be placed on community control, and he was eligible to be sent to prison. First, R.C. 2929.13(B)(1)(a) states:

Except as provided in division (B)(1)(b) of this section, if an offender is

convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

All of the conditions for mandatory community control did not apply in this case because Chatterton had been convicted of prior felonies. In addition, R.C. 2929.13(B)(1)(b)(ix)[1] expressly recognizes a trial court's "discretion to impose a prison term" on a defendant who pleads guilty to a fifth-degree felony and "previously had served * * * a prison term." *See State v. Lawson*, 2018-Ohio-1532, 111 N.E.3d 98, ¶ 16 (2d Dist.), citing *State v. Robinson*, 2d Dist. Champaign No. 2012-CA-17, 2012-Ohio-4976, ¶ 22, and *State v. Parker*, 8th Dist. Cuyahoga No. 104610, 2017-Ohio-4294, ¶ 6-10. Chatterton has twice served prison terms. Consequently, he was not entitled to a mandatory community control sentence. Furthermore, the sentence was within the statutory sentencing range and therefore there is nothing to indicate that the sentence is contrary to law.

{¶ 6} In regard to the maximum sentence that was imposed, our review is limited. We have repeatedly ruled that, based upon the language of R.C. 2953.08(G)(2), when a sentence is not contrary to law, we may only vacate or modify a felony sentence if we find by clear and convincing evidence that the record does not support the sentence. *State v. Barnett*, 2d Dist. Montgomery No. 27660, 2018-Ohio-4133, ¶ 96, citing *State v. Marcum,*

---

[1] This section had previously been numbered R.C. 2929.13(B)(1)(b)(x) but was renumbered by 2019 Am. Sub. H.B. 166, effective 10-17-19.

146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231. Here, the PSI reflects that Chatterton had had at least three prior felony convictions, numerous misdemeanor convictions, and had served two prior prison terms. He repeatedly re-offended after receiving lesser sentences, he repeatedly failed to comply with the conditions of supervision, and he absconded several times. He previously was unsuccessfully discharged from the MonDay program. And, he indicated he had no interest in participating in a program and thought the proceedings were a waste of time. The only fact that arguably could mitigate in Chatterton's favor is that he admits that he has a substance abuse problem. There is simply nothing in this record to support any reasonable argument that the trial court's sentence was clearly and convincingly contrary to the record. We agree with appellate counsel and conclude the potential assignment of error has no arguable merit and is frivolous.

### *Anders* Review

{¶ 7} We also have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the docket, the various filings, the presentence investigation, the written transcripts, and the sentencing disposition. We have found no non-frivolous issues for review.

{¶ 8} We grant counsel's request to withdraw from representation, and we affirm the judgment of the Miami County Common Pleas Court.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Janna Parker
Samantha L. Berkhofer
Matthew V. Chatterton
Hon. Stacy M. Wall