[Cite as *State v. Bautista*, 2016-Ohio-5436.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-74 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 15-CR-32 |
| v. | : | |
| | : | (Criminal Appeal from |
| JULIO BAUTISTA | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2016.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, Flanagan, Lieberman, Hoffman & Swaim, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Julio Bautista appeals from his conviction and sentence following a

negotiated guilty plea to one count of illegal use of a minor in nudity-oriented material and

one count of gross sexual imposition.

{¶ 2} In his sole assignment of error, Bautista challenges the trial court's imposition of consecutive sentences. Specifically, he contends the record does not support the trial court's consecutive-sentence findings under R.C. 2929.14(C)(4).

{¶ 3} The record reflects that Bautista was charged in a 16-count indictment in January 2015. The charges included 10 counts of illegal use of a minor in nudity-oriented material, one count of pandering sexually-oriented material involving a minor, four counts of gross sexual imposition, and one count of intimidation of a crime victim. The victim of the offenses was his girlfriend's 12-year-old daughter. According to a bill of particulars, the offenses involved Bautista taking nude photographs of the child, photographing her grabbing a penis, rubbing her breasts and vagina, and threatening to kill her family if she reported what he was doing.

{¶ 4} Bautista ultimately entered into a plea agreement with the State. He agreed to plead guilty to one count of illegal use of a minor in nudity-oriented material, a second-degree felony, and one count of gross sexual imposition, a third-degree felony, in exchange for the dismissal of all other counts and the preparation of a PSI report. (Plea Tr. at 4-5). The trial court accepted the plea and found Bautista guilty. (*Id.* at 11). At sentencing, the trial court imposed consecutive prison terms of seven years for illegal use of a minor in nudity-oriented material and five years for gross sexual imposition. (Sentencing Tr. at 10-11). In support of the consecutive sentences, the trial court made the following findings:

I do agree with the State of Ohio that consecutive sentences are necessary to protect the public from future crime and to punish the

defendant and that they are not disproportionate to the seriousness of his conduct and to the danger he poses to the public.

And that these offenses were committed as part of a course of conduct and the harm caused by the offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the defendant's conduct. And that's clear to the Court from the victim impact statements, and that it may have been made part of the pre-sentence report.

I've read a victim impact statement from the mother of the victim and then one from the victim herself. It's clear that there's been serious psychological harm to the victim.

She was twelve years old. These offenses occurred in her own home, a home where she is certainly entitled to feel safe. It appears from her victim impact statement that she is having a very difficult time dealing with the aftermath of these offenses.

(*Id.* at 9-10).

{¶ 5} On appeal, Bautista contends the record does not support the trial court's consecutive-sentence findings. His argument implicates R.C. 2929.14(C)(4), which permits consecutive prison terms

if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court

also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 6} Here the trial court made the foregoing findings. We review those findings under the standard set forth in R.C. 2953.08(G)(2), which authorizes us to vacate Bautista's consecutive sentences if we clearly and convincingly find that the record does not support the trial court's findings. *See State v. Marcum*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-1002, ¶ 10.

{¶ 7} Bautista argues that the record fails to support any of the trial court's findings under R.C. 2929.14(C)(4). First, he contends consecutive sentences were not necessary to protect the public or to punish him. (Appellant's brief at 4). He points out that he has no prior criminal record, that he is remorseful, and that, as a non-citizen, he likely will be deported to Mexico upon his release from prison. Second, he contends consecutive sentences are disproportionate to the seriousness of his conduct and to the danger he poses to the public. He maintains that the existence of *some* psychological harm to the victim is not enough to support such a conclusion. (*Id.* at 4-5). Finally, he contends the harm he caused is not so great or unusual that no single prison term adequately would reflect the seriousness of his conduct. He asserts that the record does not reveal anything making his case "great or unusual" in relation to other cases involving the illegal use of a

minor in nudity-oriented material and gross sexual imposition.

{¶ 8} Upon review, we find Bautista's assignment of error to be unpersuasive. We do not clearly and convincingly find that the record fails to support the trial court's consecutive-sentence findings. Documents attached to the PSI report reflect that Bautista took photographs of the 12-year-old victim's exposed breasts, stomach, and vagina. Those documents also reflect that he touched, kissed, and pinched her breasts and that he rubbed and pinched her vagina. According to the victim, Bautista exposed his penis to her and threatened to kill her family if she reported his actions. The victim stated that the incidents occurred in her bedroom at night, often when she was sleeping, and that Bautista removed her clothing. She reported that he sometimes forcibly held her down and refused to stop despite her pleas.

{¶ 9} The record includes victim-impact statements from the victim and her mother. The mother reported that she became depressed and could not sleep or work much after Bautista's crimes were discovered. She has suffered financially, emotionally, and physically and was hospitalized for several days. Bautista's actions also have damaged her relationship with her daughter, who exhibits anger and now has behavioral problems in school. The mother concluded by stating that Bautista had "destroyed" her life.

{¶ 10} We have also reviewed the victim impact statement of the child victim. It too supports the trial court's conclusions. The statement confirms the seriousness of the offender's conduct and that consecutive sentences are not disproportionate thereto.

{¶ 11} In our view, the facts of this case support the imposition of consecutive sentences. The record supports a finding that 41-year-old Bautista preyed on the young child of his live-in girlfriend between September 2014 and January 2015. Upon being

discovered, he denied knowing how nude photographs of the victim had gotten on his cell phone. Later, in connection with the presentence investigation, he claimed the victim had started "kissing [him] and grabbing [his] ass" before eventually asking him to take nude photos of her. Regarding the alleged touching, he claimed the 12-year-old child simply had asked him to help her change her clothes.

{¶ 12} Although Bautista has no meaningful prior record, he engaged in criminal sexual activity with a pre-teen child over an extended period of time, initially trying to conceal his actions and then lying and/or minimizing what he had done. Although he only pled guilty to one count of illegal use of a minor in nudity-oriented material and one count of gross sexual imposition, the trial court was entitled to consider the facts associated with the other 14 felony counts that were dismissed as part of the plea agreement. *See, e.g.*, *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8 (recognizing that a trial court at sentencing may take into consideration hearsay evidence, facts related to charges that were dismissed pursuant to a plea bargain, and allegations contained in a PSI report). Based on the record before us, the trial court certainly could have concluded that consecutive sentences were necessary to protect the public from future crime or to punish Bautista and that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he poses to the public. We are unpersuaded that Bautista does not pose a danger to the public because he is likely to be deported upon his release from prison. *See State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, ¶ 10 ("Balbi next argues that consecutive sentences were unnecessary to protect the public because he will be deported after serving his prison sentence. Assuming the certainty of Balbi's deportation, it is not a valid

reason to find that it supersedes the state's interest in punishing him and that he will not resume his activity elsewhere."). Finally, the trial court certainly could have concluded based on the victim-impact statements that the harm caused by Bautista's offenses was so great or unusual that no single prison term adequately would reflect the seriousness of his conduct.

{¶ 13} For the reasons set forth above, we overrule the assignment of error and affirm the judgment of the Clark County Common Pleas Court.

. . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

Megan M. Farley
Brent E. Rambo
Hon. Douglas M. Rastatter