[Cite as *State v. Stapleton*, 2016-Ohio-7806.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-235 |
| | : | |
| JONATHAN D. STAPLETON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2016.

. . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Champaign County Prosecutor, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 West Second Street, 400 Liberty Tower, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Jonathan D. Stapleton, appeals from the conviction and sentence he received in the Champaign County Court of Common Pleas after pleading guilty to aggravated possession of drugs and possession of marijuana. In proceeding with the appeal, Stapleton's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal. After conducting a review as prescribed by *Anders*, we also find no issues with arguable merit. Accordingly, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On November 12, 2015, the Champaign County Grand Jury returned an indictment charging Stapleton with one count of aggravated possession of drugs, to wit, Percocet/Oxycodone, in violation of R.C. 2925.11(A) and (C)(1)(a), a fifth-degree felony; one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) and (F)(1), a fourth-degree misdemeanor; one count of possession of marijuana in violation of R.C. 2925.11(A) and (C)(3)(a), a minor misdemeanor; and one count of illegal use or possession of marijuana drug paraphernalia in violation of R.C. 2925.141(C) and (F), a minor misdemeanor. After initially pleading not guilty to the charges, Stapleton accepted a plea offer wherein he agreed to plead guilty to aggravated possession of drugs and possession of marijuana. In exchange for his plea, the State agreed to dismiss the other two charges and recommend community control sanctions on the condition that Stapleton's presentence investigation report ("PSI") did not reveal

any prior offenses unknown to the State.

{¶ 3} After accepting Stapleton's guilty plea, the trial court ordered a PSI and scheduled a sentencing hearing. At the sentencing hearing, the trial court heard statements from each counsel and Stapleton. The trial court also questioned Stapleton regarding his drug use and criminal history. Following its questioning, the trial court indicated that it had reviewed the PSI and then proceeded to make numerous findings regarding Stapleton's conduct while out on bond, his criminal record, and the nature of his offenses.

{¶ 4} With respect to his conduct while on bond, the trial court found that Stapleton had violated the conditions of his bond after he admitted to using marijuana a few days prior to the sentencing hearing. The court also noted that Stapleton violated the conditions of his bond by engaging in the unlawful activity of driving while under suspension.

{¶ 5} As for his criminal record, the trial court found that Stapleton has a history of criminal convictions and was adjudicated a delinquent child. The court specifically found that Stapleton had committed another possession of marijuana offense in Champaign County shortly after he was investigated for the instant case and was convicted for the subsequent offense in Case No. 2015-CRB-791. In addition, the trial court found that prior to committing the instant offenses, Stapleton absconded from supervision in Florida where he was under probation; although Florida elected not to retrieve him upon his arrest in Ohio.

{¶ 6} Continuing, the trial court noted that it had considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in

R.C. 2929.12. In considering the seriousness factors, the trial court found that the aggravated possession offense was more serious because Stapleton had committed the offense as part of organized criminal activity by soliciting Oxycodone (one Percocet) from his co-defendant, Jacob Wagner, and also because his actions caused Wagner to be charged with a criminal offense. Additionally, the trial court found that Stapleton's conduct was rendered less serious by the fact that he did not cause or expect to cause physical harm to any person or property. However, the trial court ultimately concluded that the factors establishing Stapleton's conduct as more serious outweighed the factors establishing his conduct as less serious. The trial court further found that Stapleton was likely to commit future crimes because of his criminal history, failure to respond favorably to previous sanctions, continued drug use after his arrest and guilty plea, pattern of drug abuse, refusal to seek drug treatment, and lack of genuine remorse. In addition, the court found that Stapleton received a high score on the Ohio Risk Assessment System.

{¶ 7} After making the foregoing findings, the trial court sentenced Stapleton to six months in prison and a $250 fine for aggravated possession of drugs and a $150 fine for possession of marijuana. The trial court also suspended Stapleton's driver's license for a period of six months and ordered him to pay court costs and appointed-counsel fees. In ordering the payment of appointed-counsel fees, the trial court noted that the fees shall not be taxed as costs, but separately collected in a civil action. *See State v. Lambert,* 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 19.

{¶ 8} Stapleton thereafter filed a notice of appeal from his conviction and sentence and requested the appointment of appellate counsel. Following the appointment of counsel, and after receiving an extension of time to complete the record, Stapleton's

appellate counsel filed an *Anders* brief indicating there were no issues with arguable merit to present on appeal. We then notified Stapleton that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. Stapleton did not file a pro se brief.

## Law and Analysis

{¶ 9} Our task in this case is to conduct an independent review of the record as prescribed by *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In *Anders* cases, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous, and if it is, the court may "grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it." *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *Id.* at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

**{¶ 10}** Instead of providing a potential assignment of error for our review, Stapleton's appellate counsel specifically analyzed whether it was erroneous for the trial court to sentence Stapleton to a prison term as opposed to community control sanctions, and ultimately concluded that it was not. We agree with counsel's conclusion.

**{¶ 11}** The record establishes that the trial court made findings under R.C. 2929.13(B)(1)(b) that indicate the trial court had discretion to impose a prison term for Stapleton's fifth-degree felony offense. Specifically, the trial court found that Stapleton violated the conditions of his bond and committed the offense as part of organized criminal activity. *See* R.C. 2929.13(B)(1)(b)(iii) and (ix). While it is questionable whether Stapleton's conduct of soliciting one Percocet from his co-defendant amounts to "organized criminal activity" as that term is used in R.C. 2929.13(B)(1)(b)(ix), even without this finding, it is clear from the record that Stapleton violated the conditions of his bond.[1]

---

[1] We recently stated in *State v. Castle*, 2016-Ohio-4974, ___ N.E.3d ___ (2d Dist.), that:

> The term "organized criminal activity" (R.C. 2929.13(B)(1)(b)(ix)) is not defined in R.C. Chapter 2929. Ohio courts have applied a case-by-case analysis to determine whether an offense is part of an organized criminal activity, keeping in mind that the absence of a definition of "organized criminal activity" is to be construed against the State, not the defendant. *State v. Lyles*, 8th Dist. Cuyahoga No. 97524, 2012-Ohio-3362, ¶ 13, and R.C. 2901.04(A). "There is not a bright line test for 'organized criminal activity,' nor does it have a singular application." *State v. Orms*, 10th Dist. Franklin No. 14AP-750, 2015-Ohio-2870, ¶ 24.

> Courts have generally considered the scope and length of the criminal activity, whether the offense was committed spontaneously/impulsively or with extensive planning, the number of people involved, and the nature of the charges in determining whether there was "an organized criminal activity." *See, e.g., Orms*; *State v. Coran*, 2d Dist. Clark No. 2003-CA-80, 2004-Ohio-6874; *State v. Miller*, 4th Dist. Washington No. 07CA1, 2008-Ohio-1059; *State v. Radcliff*, 10th Dist. Franklin No. 97APA08-1054, 1998 WL 120304 (Mar. 17, 1998).

In applying the felony sentencing standard of review set forth in R.C. 2953.08(G)(2), we do not find clear and convincing evidence that the record does not support the trial court's finding that Stapleton violated the conditions of his bond. Accordingly, the trial court had discretion to impose a prison term under R.C. 2929.13(B)(1)(b)(iii).

{¶ 12} In exercising its discretion, the trial court found that Stapleton was not amenable to community control sanctions because he continued to engage in criminal conduct while on bond, failed to follow court orders with respect to filling out his PSI report questionnaire, failed to follow orders with regards to his driving privileges, and had previously absconded from supervision in Florida. Again, we do not find clear and convincing evidence that the record does not support these findings, nor do we find that Stapleton's sentence is otherwise contrary to law.

{¶ 13} It is also worth noting that the trial court recommended and approved Stapleton for Intensive Program Prison ("IPP") and Risk Reduction Sentencing. It is well-established that pursuant to R.C. 2929.19(D) "[i]f the court recommends or disapproves placement [in IPP], it shall make a finding that gives its reasons for its recommendation or disapproval." Here, the trial court stated that it had made its decision to recommend and approve Stapleton for IPP "after review[ing] the nature and circumstances of [Stapleton's] offenses, [his] conduct while on bond, [his] pre-sentence investigation report, and [his] criminal history." Sentencing Hearing Trans. (Mar. 10, 2016), p. 13; *see also* Judgment Entry of Conviction and Sentence (Mar. 10, 2016), Champaign County Court of Common Pleas Case No. 2015-CR-235, Docket No. 19, p. 8.

{¶ 14} We have previously held that a general statement indicating that the trial

---

*Castle* at ¶ 14-15.

court based its decision to approve or disapprove IPP after reviewing certain parts of the record (such as criminal history, PSI, and facts and circumstances of the offense) does not satisfy the finding requirement in R.C. 2929.19(D). *See, e.g., State v. Allender*, 2d Dist. Montgomery No. 24864, 2012-Ohio-2963, ¶ 13-14, 23, 26; *State v. Matthews*, 2d Dist. Montgomery No. 26405, 2015-Ohio-3388, ¶ 4-5, 14.

{¶ 15} However, in *State v. Johnson*, 2016-Ohio-5160, ___ N.E.3d ___ (2d Dist.), we recently held that the finding requirement in R.C. 2929.19(D) was satisfied where the trial court stated at the sentencing hearing that it disapproved of IPP "[a]fter reviewing the nature and circumstances of [defendant's] offense, [defendant's] conduct while on bond, the [PSI], [defendant's] criminal history, [defendant's] prior service of imprisonment, and [defendant's] conduct while residing at the Tri-County Regional Jail" and also set forth facts in the record that supported the trial court's rationale for the disapproval. *Id*. at ¶ 22-23, 28-29.

{¶ 16} In the instant case, the trial court made numerous specific findings at the sentencing hearing regarding the nature and circumstances of Stapleton's offenses, his conduct while on bond, his criminal history, and the PSI. The trial court then effectively referred back to those findings when it made its general statement recommending and approving IPP. This is analogous to the situation in *Johnson*; therefore, the trial court made the finding required by R.C. 2929.19(D) and any argument to the contrary lacks arguable merit.

## Conclusion

{¶ 17} After conducting our independent review of the record as required by

*Anders*, we find no non-frivolous issues for appeal. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Kevin Talebi
Lucas W. Wilder
Jonathan D. Stapleton
Hon. Nick A. Selvaggio