[Cite as *State v. Brandyberry*, 2017-Ohio-4320.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-58 |
| | : | |
| LANCE T. BRANDYBERRY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of June, 2017.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Lance Brandyberry appeals from his conviction and sentence, following a plea of guilty, for one count of grand theft, one count of receiving stolen property, and one count of unauthorized use of a vehicle. He contends that the trial court did not comply with the provisions of R.C. 2929.19(D). He further contends that the trial court erred by including court-appointed counsel fees, fees and costs into the post-confinement payment schedule.

{¶ 2} We conclude that the trial court made findings sufficient to comport with the requirements of R.C. 2929.19(D). However, we conclude that the trial court did err with regard to fees and costs. Accordingly, we hereby modify the trial court's final judgment entry by vacating and excising only the words "court costs" and "court appointed legal fees" from the financial obligation payment schedule to the extent that the schedule compels Brandyberry to make monthly payments toward his court-appointed counsel fees and costs in connection with his criminal case. The judgment of the trial court is affirmed as modified.

## I. Facts and Procedural History

{¶ 3} In March 2015, Phil and Tina Cook reported the theft of five guns, jewelry and a vehicle to the Champaign County Sheriff's Office. An investigation revealed that Brandyberry, Tina Cook's son, had taken the guns, jewelry and vehicle. Brandyberry sold some of the guns. He also sold the jewelry.

{¶ 4} On May 7, 2015, Brandyberry was indicted on five counts of grand theft (firearm), one count of grand theft (vehicle), eight counts of receiving stolen property, one

count of theft, one count of unauthorized use of a vehicle, and one count of possession of criminal tools. Following plea negotiations, he entered a plea of guilty to one count grand theft (vehicle), one count of unauthorized use of a vehicle and one count of receiving stolen property. The remaining charges were dismissed. The trial court ordered a pre-sentence investigation report (PSI).

{¶ 5} The trial court sentenced Brandyberry to an aggregate term of 45 months in prison. The trial court disapproved placement in an intensive program prison. The trial court also included court-appointed counsel fees and costs into the post-confinement payment schedule. Brandyberry appealed.

{¶ 6} Brandyberry's appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel represented that she found no potentially meritorious issues for review. Following her "no merit" representation, counsel identified two possible issues for appellate review. As required by *Anders*, we reviewed the record to determine whether these issues were "wholly frivolous." *Id.* at 744. In doing so, we found one potential assignment of error having arguable merit that was not raised by appellate counsel. By decision and entry dated October 21, 2016, we stated "there is a potential assignment of error having arguable merit concerning the trial court's inclusion of court-appointed legal fees and expenses and court costs in the post-prison payment schedule set forth in its judgment entry." New appellate counsel was appointed to address that potential assignment of error along with any other assignments of error that counsel deemed warranted. The matter has been briefed by both parties.[1]

---

[1] Counsel for Brandyberry is admonished to comply with the provisions of App.R. 19(A)

## II. Intensive Program Prison

{¶ 7} Brandyberry's first assignment of error states as follows:

THE TRIAL COURT ERRED BY DISAPPROVING INTENSIVE PROGRAM PRISON WITHOUT MAKING SPECIFIC FINDINGS THAT GIVE REASONS FOR DISAPPROVAL.

{¶ 8} Brandyberry contends that the trial court erred when it failed to make the necessary findings, as required by R.C. 2929.19(D), to support its decision to disapprove him for intensive program prison (IPP).

{¶ 9} R.C. 2929.19(D) states:

The sentencing court, pursuant to division (I)(1) of section 2929.14 of the Revised Code, may recommend placement of the offender in a program of shock incarceration under section 5120.031 of the Revised Code or an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. If the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval.

{¶ 10} As noted by Brandyberry, "[w]e have previously held that a general statement indicating that the trial court based its decision to approve or disapprove IPP after reviewing certain parts of the record (such as criminal history, PSI, and facts and circumstances of the offense) does not satisfy the finding requirement in R.C.

_____

with regard to appellate brief forms.

2929.19(D)." *State v. Stapleton*, 2d Dist. Champaign No. 2016-CA-6, 2016-Ohio-7806, ¶ 14, citing *State v. Matthews*, 2d Dist. Montgomery No. 26405, 2015-Ohio-3388, ¶ 4-5, 14 and *State v. Allender*, 2d Dist. Montgomery No. 24864, 2012-Ohio-2963, ¶ 13-14, 23, 26. "However, in *State v. Johnson*, 2016–Ohio–5160, 69 N.E.3d 176 (2d Dist.), we recently held that the finding requirement in R.C. 2929.19(D) was satisfied where the trial court stated at the sentencing hearing that it disapproved IPP '[a]fter reviewing the nature and circumstances of [defendant's] offense, [defendant's] conduct while on bond, the [PSI], [defendant's] criminal history, [defendant's] prior service of imprisonment, and [defendant's] conduct while residing at the Tri–County Regional Jail' and also set forth facts in the record that supported the trial court's rationale for the disapproval. *Id.* at ¶ 22-23, 28-29." *Stapleton* at ¶ 15.

{¶ 11} At the sentencing hearing in this case, the trial court took statements from counsel as well as Brandyberry. The court questioned Brandyberry about his drug use and his extensive criminal history. The trial court noted that it had reviewed the PSI. The court then made numerous specific findings regarding the nature and circumstances of the current offenses, Brandberry's prior criminal offenses, and his conduct while on community control sanctions.

{¶ 12} The court noted that Brandyberry's juvenile record indicated a progression in the seriousness of the offenses: (1) truancy charges in 2001 and early 2007; (2) criminal mischief in 2007; (3) no driver's license, fictitious plates and false information to a police officer in March 2008; (4) criminal damaging in August 2008; (5) chronic truancy in 2009; and (6) a 2010 burglary that would constitute a second degree felony if Brandyberry were an adult.

{¶ 13} The trial court also discussed Brandyberry's criminal history as an adult which included: (1) unlawful sexual conduct with a minor in 2010; (2) falsification in 2011; (3) theft in 2011; (4) assault in January 2013; (5) criminal damaging in June 2013; and (6) misuse of credit cards in 2014. The court noted that Brandyberry had probation violations related to four of the six adult offenses. The trial court noted that it had considered the principles and purposes of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶ 14} The trial court made all of the appropriate findings as related to sentencing, and it then effectively referred back to those findings when it made its general statement disapproving IPP. Thus, we conclude that this record demonstrates that the trial court complied with R.C. 2929.19(D).

{¶ 15} The first assignment of error is overruled.

### III. Court Costs and Attorney Fees

{¶ 16} Brandyberry's second assignment of error states:

THE TRIAL COURT ERRED BY INCLUDING COURT-APPOINTED COUNSEL FEES AND COSTS INTO THE COURT'S POST-CONFINEMENT PAYMENT SCHEDULE.

{¶ 17} Brandyberry contests, and the State concedes error, regarding the portion of his sentencing judgment that provides:

Defendant shall pay court costs, fine, restitution and court-appointed legal fees at a minimum of $50.00 per month beginning the second month after release from confinement and due the 28th of each month thereafter.

Clerk shall apply monies collected to restitution, court costs, fine, and court-appointed legal fees in that order.

{¶ 18} This court has held that it is improper to include costs and appointed-counsel fees within a post-confinement payment schedule. *State v. Johnson*, 2016–Ohio–5160, 69 N.E.3d 176, ¶ 41-43 (2d Dist.).[2]

{¶ 19} The second assignment of error is sustained.

## IV. Conclusion

{¶ 20} Brandyberry's first assignment of error is overruled and his second assignment of error is sustained.  His second assignment of error being sustained, we hereby modify the trial court's final judgment entry by vacating and excising only the words "court costs" and "court appointed legal fees" from the financial obligation payment schedule to the extent that the schedule compels Brandyberry to make monthly payments toward his court-appointed counsel fees and costs in connection with his criminal case. The judgment of the trial court is affirmed as modified.

. . . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.

---

[2] We are likewise concerned that the post-prison payment schedule for restitution and fines is of no effect because after completion of a prison sentence the trial court has no authority to impose additional sanctions and no authority to enforce monetary obligations except through civil enforcement mechanisms. *See, e.g., State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512 (trial court had no authority to impose a post-release no-contact order between offender and the victim.) However the efficacy of that part of the court's order was not specifically challenged in this appeal.

Copies mailed to:

Jane A. Napier
J. David Turner
Hon. Nick A. Selvaggio