[Cite as *State v. Waggoner*, 2020-Ohio-212.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28453 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-1149 |
| | : | |
| ANDRE R. WAGGONER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Following his guilty plea to a single count of theft in violation of R.C. 2913.02(A)(1), Andre R. Waggoner was sentenced to a prison term of 11 months. He appeals from his conviction. The judgment of the trial court will be affirmed.

**Factual and Procedural Background**

{¶ 2} In May 2019, Waggoner was indicted by a Montgomery County grand jury on a fifth-degree felony charge of theft of chainsaws having a value of $1,000 or more but less than $7,500, in violation of R.C. 2913.02(A)(1). On June 14, 2019, Waggoner entered a plea of guilty to that charge, and the trial court referred the matter for a presentence investigation ("PSI"). While he awaited sentencing, Waggoner was held on two unrelated theft offenses from the Miamisburg Municipal Court. (*See* Tr. p. 6).

{¶ 3} The PSI revealed that Waggoner had an extensive criminal record as an adult, including at least 36 misdemeanor theft offenses and three felony offenses between December 1992 and October 2018. The PSI report stated that two prior sentences to community control were revoked and prison sentences imposed due to Waggoner's "poor" compliance. Waggoner also reported a history of abusing alcohol, cocaine, and crack prior to his most recent incarceration.

{¶ 4} At Waggoner's June 24, 2019 sentencing, his defense attorney indicated that Waggoner wished "to go to the STOP program" for this case as well as his unserved municipal court sentences. (Tr. p. 2). Speaking on his own behalf, Waggoner stated that he was "dealing with grieving" after the death of his 17-year-old daughter in 2015 and was "scared" because "[t]hey found a spot on my lung" in September 2018. (*Id.*, pp. 2-3).

{¶ 5} The trial court responded:

> The difficulty, of course, Mr. Waggoner, is your criminal history; you

know, the very lengthy theft-related criminal history that goes back for a really long period of time.

And so in considering the purposes and principles of sentencing and the seriousness and recidivism factors in the Revised Code, the Court is going to sentence Mr. Waggoner to serve 11 months of incarceration in the State of Ohio prison system.

* * *

The Court will disapprove of defendant's placement in programs of shock incarceration and intensive program prison based on the defendant's criminal history.

(Tr. pp. 3, 4-5).

{¶ 6} Consistent with that oral pronouncement, the trial court's written judgment entry sentenced Waggoner to 11 months in prison and ordered him to pay restitution.

{¶ 7} Waggoner appeals from that judgment, asserting as his sole assignment of error that "[t]he trial court erred in sentencing the defendant." He identifies three specific respects in which the court allegedly erred: 1) by failing to send him to STOP,[1] 2) because "a prison sentence was prohibited"; and 3) by "giving only a summary conclusion instead of adequate reasons" for denying him placement in a program of shock incarceration or an intensive program prison.

**Standard of Review**

{¶ 8} In reviewing felony sentences, appellate courts must apply the standard of

---

[1] Montgomery County's Secure Transitional Offender Program ("STOP") is a residential rehabilitation facility for offenders. *See, e.g., State v. Akhmedov*, 2d Dist. Montgomery No. 28185, 2019-Ohio-3586, ¶ 2.

review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 10} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B)

further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 11} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record, if any.

{¶ 12} For purposes of sentencing, a court "is not confined to [considering] the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.); *State v. Davis*, 2d Dist. Clark No. 2018-CA-49, 2019-Ohio-1904, ¶ 47. Sentencing courts may consider, for example, "hearsay evidence, facts related to charges that were dismissed pursuant to a plea bargain, and allegations contained in a PSI report." *State v. Bautista*, 2d Dist. Clark No. 2015-CA-74, 2016-Ohio-5436, ¶ 12, citing *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8.

### Analysis of Defendant's Assignment of Error

a. *Defendant's request for STOP placement*

{¶ 13} Waggoner first argues that the trial court erred by sentencing him to prison

instead of granting his request that he be placed on community control sanctions and sent to STOP. In support of that argument, Waggoner cites only to R.C. 2929.11(A), contending that "treatment would address his problems" and he "would stop committing theft offenses and reduce any current and future burden on state or local government resources" if he were to receive appropriate treatment. (Brief of Appellant, p. 2).

{¶ 14} Waggoner's assertion that he "needs treatment" (*id.*) does not suffice to establish that the trial court committed legal error by sentencing him to a prison term. The 11-month sentence imposed by the trial court was within the permissible sentencing range for violations of R.C. 2913.02(A)(1), and the trial court opined that Waggoner's extensive history of prior theft offenses made him an inappropriate candidate for alternatives to imprisonment. That conclusion is not clearly and convincingly unsupported by the record.

{¶ 15} R.C. 2929.13(B)(1)(b)(ix) expressly recognizes a trial court's "discretion to impose a prison term" on a defendant who pleads guilty to a fifth-degree felony and "previously had served * * * a prison term." *See State v. Lawson*, 2018-Ohio-1532, 111 N.E.3d 98, ¶ 16 (2d Dist.), citing *State v. Robinson*, 2d Dist. Champaign No. 2012 CA 17, 2012-Ohio-4976, ¶ 22, *State v. Parker*, 8th Dist. Cuyahoga No. 104610, 2017-Ohio-4294, ¶ 6-10. The PSI reflects that Waggoner served three prior prison terms, repeatedly re-offended after receiving lesser sentences for theft offenses, and also failed to comply with the conditions of community control imposed for two prior felony convictions, including by absconding on three occasions. Further, Waggoner previously completed both STOP and the MonDay program. Based on that criminal history, the trial court reasonably could have concluded that Waggoner was not amenable to community control.

{¶ 16} To the extent Waggoner challenges his sentence due to the trial court's refusal to sentence him to STOP, Waggoner's assignment of error is overruled.

*b. Sentencing limitations of R.C. 2929.34(B)(3)(c)*

{¶ 17} Waggoner next contends that the prison term imposed by the trial court "was prohibited under R.C. 2929.34(B)(3)(c)" because he purportedly "does not fall into any exception" that would permit his sentence to be served in an institution operated by the department of rehabilitation and correction. (Brief of Appellant, p. 2).

{¶ 18} R.C. 2929.34(B)(3)(c) provides that a defendant sentenced for a fifth-degree felony shall not serve that term in an Ohio state prison unless certain circumstances exist. Among the enumerated exceptions is when the same defendant "previously has been convicted of or pleaded guilty to any felony offense of violence." R.C. 2929.34(B)(3)(d)(ii).

{¶ 19} According to the PSI, Waggoner was convicted of a first-degree felony count of aggravated burglary in 1993. Aggravated burglary in violation of R.C. 2911.11 constitutes an "offense of violence" for purposes of R.C. 2929.34(B)(d)(ii). *See* R.C. 2901.01(A)(9)(a); *see also, e.g., State v. Nagel*, 84 Ohio St.3d 280, 703 N.E.2d 733 (1999); *State v. Ewing*, 2017-Ohio-7194, 95 N.E.3d 1112, ¶ 3 (2d Dist.).

{¶ 20} Because Waggoner had a prior felony conviction for an offense of violence, his sentence to a term in state prison was neither unlawful nor clearly and convincingly unsupported by the record, and his assignment of error based on R.C. 2929.34(B)(3)(c) is not well taken.

*c. Lack of Adequate Reasoning for Disapproving Shock Incarceration or IPP*

{¶ 21} Finally, Waggoner asserts that the trial court erred by failing to set forth

adequate reasons for disapproving his placement in a program of shock incarceration or an intensive prison program ("IPP").

**{¶ 22}** Pursuant to R.C. 2929.19(D), a sentencing court that disapproves a defendant's placement in such programs "shall make a finding that gives its reasons for its * * * disapproval." As interpreted by this court,

> "R.C. 2929.19(D) requires more than that reasons can be found in the record to support the trial court's disapproval of the programs; the statute requires that the trial court, if it shall make a recommendation, must 'make a finding that gives its reasons for its recommendation or disapproval.' This statutory requirement, imposed on the trial court, is not satisfied by an appellate court finding in the record reasons that the trial court could have given, or might have given, for disapproval." *State v. Allender,* 2d Dist. Montgomery No. 24864, 2012-Ohio-2963 * * *. "The statute requires that the trial court provide its reasons for disapproving shock incarceration or the intensive program prison, not merely that the record supports reasons for disapproval that the trial court might have had, but did not express." *Id.* at ¶ 26.

*State v. Johnson,* 2016-Ohio-5160, 69 N.E.3d 176, ¶ 25 (2d Dist.), quoting *State v. Blessing.* 2d Dist. Clark No. 2011 CA 56, 2013-Ohio-392, ¶ 47.

**{¶ 23}** We have held that a "general statement" indicating that the trial court based its decision to disapprove IPP on its review of the record "does not satisfy the finding requirement in R.C. 2929.19(D)." *State v. Brandyberry,* 2d Dist. Champaign No. 2015-CA-30, 2017-Ohio-4320, ¶ 10, citing *State v. Stapleton,* 2d Dist. Champaign No. 2016-

CA-6, 2016-Ohio-7806, *State v. Matthews*, 2d Dist. Montgomery No. 26405, 2015-Ohio-3388, *Allender,* 2d Dist. Montgomery No. 24864, 2012-Ohio-2963. However, we have found the finding requirement satisfied where the trial court "also set forth facts in the record that supported the trial court's rationale for the disapproval." *Id.*, citing *Johnson* at ¶ 28-29.

{¶ 24} In this case, the trial court stated explicitly that its disapproval of shock incarceration or IPP for Waggoner "was based on the defendant's criminal history" (Tr. pp. 4-5) – i.e., his "very lengthy theft-related criminal history that goes back for a really long period of time." (*Id.*, p. 3). Even if that direct statement were inadequate to satisfy R.C. 2929.19(D), any error related to the disapproval of shock incarceration or IPP "is necessarily harmless * * * when the defendant is not eligible for" those programs. *State v. Kendall*, 2d Dist. Champaign No. 2019-CA-5, 2019-Ohio-2836, ¶ 26, citing *State v. Felton*, 2d Dist. Montgomery No. 27239, 2017-Ohio-761, ¶ 29; *State v. Walz*, 2d Dist. Montgomery No. 23783, 2012-Ohio-4627, ¶ 26. A prisoner is not eligible to participate in IPP if he or she "previously has been imprisoned for * * * a felony of the first or second degree." R.C. 5120.032(B)(2)(a). Similarly, R.C. 5120.031 excludes from eligibility for shock incarceration "those individuals who are ineligible to participate in an intensive prison program." *State v. Barron*, 2d Dist. Montgomery No. 25059, 2012-Ohio-5787, ¶ 9.

{¶ 25} Waggoner's prior conviction and imprisonment for aggravated burglary, a felony of the first degree, made him ineligible for either IPP or shock incarceration. His assignment of error challenging the adequacy of the trial court's stated reasoning therefore is overruled.

## Conclusion

**{¶ 26}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Mathias H. Heck
Jamie J. Rizzo
Robert Alan Brenner
Hon. Mary L. Wiseman