[Cite as *State v. Ropp*, 2018-Ohio-3815.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-32 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-50 |
| | : | |
| MICHAEL D. ROPP | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of September, 2018.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, Ohio 45032
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Michael Duane Ropp appeals his conviction and sentence for one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1)(B), a felony of the third degree; and one count of unlawful possession of a dangerous ordinance, in violation of R.C. 2923.17(A)(D), a felony of the fifth degree. Ropp filed a timely notice of appeal with this Court on November 14, 2017.

{¶ 2} On April 6, 2017, Ropp was indicted for the following offenses: Count I: aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the first degree; Count II: aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(c), a felony of the second degree; Counts III and IV: having weapons while under disability, in violation of R.C. 2923.13(A)(2)(b), both felonies of the third degree; Count V: tampering with evidence, in violation of R.C. 2921.12(A)(1)(B), a felony of the third degree; Count VI: unlawful possession of a dangerous ordinance, in violation of R.C. 2923.17(A)(D), a felony of the fifth degree; and Count VII: possessing a defaced firearm, in violation of R.C. 2923.201(A)(2)(B)(1), a misdemeanor of the first degree. Count I, II, and VI were accompanied by one-year firearm specifications. Counts I, II, III, IV, VI, and VII were accompanied by specifications for forfeiture of property. Count I was also accompanied by a specification for forfeiture of money in a drug case. At his arraignment on April 10, 2017, Ropp entered a plea of not guilty to the charges contained in the indictment.

{¶ 3} The instant charges stem from the execution of a search warrant at Ropp's

residence after a multi-county investigation into the trafficking, distribution, and possession of methamphetamine involving law enforcement officers from Shelby, Clark, and Champaign Counties. Upon execution of the search warrant at Ropp's residence located in Champaign County, Ohio, police officers discovered large amounts of methamphetamine and money, drug paraphernalia, and firearms.

{¶ 4} On September 13, 2017, Ropp pled guilty to an amended Count II, aggravated possession of drugs; Count V, tampering with evidence; and Count VI, unlawful possession of a dangerous ordinance.[1] In return for Ropp's guilty pleas, the State agreed to dismiss all of the remaining counts in the indictment (Counts I, III, IV, and VII). The State also agreed to dismiss the firearm specification attached to Count II and Count VI; however, the property and money forfeiture specifications remained in effect. The trial court accepted Ropp's guilty pleas and ordered the adult probation department to prepare a presentence investigation report (PSI).

{¶ 5} On October 17, 2017, the trial court sentenced Ropp as follows: Count II, aggravated possession of drugs, maximum 36 months; Count V, tampering with evidence, maximum 36 months; and Count VI, unlawful possession of a dangerous ordinance, eight months. The trial court ordered Counts II and V to be served consecutively to one another, and Count VI to be served concurrently to Counts II and V, for an aggregate sentence of 72 months in prison. We note that the trial court orally made the findings required by R.C. 2929.14(C)(4) and included them in its judgment entry.

---

[1] Pursuant to the plea agreement, Count II was amended from a felony of the second degree to a felony of the third degree.

{¶ 6} It is from this judgment that Ropp now appeals.

{¶ 7} Ropp's sole assignment of error is as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED MAXIMUM CONSECUTIVE SENTENCES.

{¶ 8} In his sole assignment, Ropp contends that the trial court erred when it imposed maximum consecutive sentences in the instant case. Initially, we note that the trial court did not impose the harshest sentence at Ropp's disposition. Specifically, maximum consecutive sentences on two third-degree felonies and one fifth-degree felony would have amounted to an aggregate sentence of 84 months in prison, rather than the 72 months that Ropp actually received. Nevertheless, the record establishes that the trial court did impose maximum sentences for the two third-degree felonies (Counts II and V) and ordered those to be served consecutively.

**Maximum Sentences for Counts II and V**

{¶ 9} As this Court has previously noted:

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

*State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263, ¶ 12.

{¶ 10} R.C. 2929.11 requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 11} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 12} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation,

whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 13} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 14} In the instant case, the maximum 36 month prison sentence imposed by the trial court for both Count II and Count V was within the authorized statutory range. Additionally, at the sentencing hearing, the trial court stated the following:

> Court has reviewed the [PSI] report, the letters that were written on behalf of Defendant * * *, as well as Defendant's Exhibit A, which was a letter from the employer. With regard to – Court also reviewed statements of Counsel, statements of the Defendant, and Court's interaction with the Defendant.

> With regard to pre-sentence findings, the Court finds that the Defendant committed the offenses while on bond from Greene County Common Pleas Court. His ORAS score is 25, which is considered high.

The risk assessment score, Mr. Ropp, is an evidence-based tool that Courts are supposed to use to determine a person's likelihood of continuing to engage in criminal activity. And it is one of the tools, it's not the only tool that the Court uses, but one of the tools that the Court uses in determining sentencing. And based on a number of factors in your risk assessment interview you were scored at a high level. So I wanted to explain to you what that meant.

Court finds that Counts Two, Five, and Six are not allied offenses of similar import and do not merge. *In imposing sentence the Court considered and applied the purposes and principles of sentencing set forth in [R.C.] 2929.11 division A, B, and C. The Court also considered the seriousness of the conduct, likelihood of recidivism, and lack of service in the Armed Forces.*

With regard to the more serious factors, the Court finds that Defendant committed the offense for hire or as part of organized criminal activity. Court finds Defendant sold methamphetamine to others knowing that the drug would be resold to third parties. That the Defendant's possession of methamphetamine in excess of bulk amount facilitated a drug distribution network in Champaign County. Court finds that the evidence suggests that the Defendant's non-compliance during the execution of the search warrant destroyed evidence of value to law enforcement in the ability to evaluate the pervasiveness of the drug distribution network. Court also finds that methamphetamine is destroying the lives of its users. And

Defendant's conduct facilitated that destruction.

With regard to less serious factors, the Court finds none. The Court concludes factors establishing the Defendant's conduct – well, actually the Court does find one. The Court finds that Defendant's use of methamphetamine contributed to his decision to sell methamphetamine. Court still finds that factors establishing [that] Defendant's conduct is more serious outweigh factors establishing Defendant's conduct is less serious.

With regard to recidivism and more likely to commit future crimes, the Court finds that at the time of committing the offense, he has a history of criminal convictions, and his ORAS score is high. The Court does not find that he has not responded favorably to sanctions previously imposed because it doesn't appear that the Fairborn Municipal Court had ordered him into any drug counseling. So it is difficult for this Court to conclude that he didn't respond favorably to something that he wasn't ordered to do.

With regard to less likely to commit future crimes, the Court finds that prior to committing the offense the Defendant had not been adjudicated a delinquent child. And the Court finds that the Defendant has successfully complied with the orders of the Court's Pretrial Services Program. Court concludes that factors establishing [that] Defendant's recidivism is more likely outweigh factors establishing recidivism is less likely.

Court considered military service. Finds he has no military service record. Court finds that on Count Two that the Defendant is sentenced for a specified felony drug offense for which a presumption of prison is

specified. Court finds that [R.C.] 2929.13(D)(1) applies to the sentencing analysis. Sets forth it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing.

Court finds that a community control sanction or combination of community control sanctions would not punish the Defendant and protect the public from future crime because the applicable factors indicating a lesser likelihood of recidivism do not outweigh the applicable factors indicating a greater likelihood of recidivism.

Court also finds that a community control sanction or combination of community control sanctions would demean the seriousness of the offense because one or more of the factors that indicate the Defendant's conduct was less serious than the conduct normally constituting the offense are either not applicable or do not outweigh the applicable factors that indicate Defendant's conduct was more serious than conduct normally constituting the offense.

(Emphasis added.) Sentencing Tr. 32-36.

{¶ 15} Having reviewed the record, we cannot say that it clearly and convincingly does not support the trial court's consideration of the statutory principles and purposes of sentencing or the seriousness and recidivism factors as they pertain to the sentences Ropp received. With respect to the more serious factors, the trial court found that Ropp committed the offense for hire or as part of organized criminal activity. The trial court also found that Ropp sold methamphetamine to others knowing that the drug would be resold to third parties. The trial court found that Ropp's possession of methamphetamine

in excess of the bulk amount facilitated a drug distribution network in Champaign County. Furthermore, the trial court found that the evidence suggests that Ropp's failure to immediately comply with the search warrant executed at his residence by law enforcement allowed him to destroy evidence of contraband linked to his drug distribution network. Finally, the trial court found that Ropp's conduct in selling methamphetamine facilitated the destruction of people's lives in the community.

{¶ 16} With respect to the less serious factors, the trial court found that Ropp's own personal methamphetamine use contributed to decision to sell the illegal drug. On balance, the trial court found that the more serious factors outweighed the less serious factors.

{¶ 17} Regarding the recidivism factors, the trial court found that Ropp was out on bond for a separate offense when he was arrested for the instant offenses. The trial court also found that Ropp had a history of criminal convictions and that his ORAS score was high. Ropp acknowledges that he was out on bond for a separate offense when he was arrested for the instant offenses, but he argues that the charge for which he was out on bond has since been dismissed. The alleged dismissal of the charge, however, is not part of the record in the instant case. Moreover, the fact that Ropp was engaged in continued criminal activity while out on bond for a distinct offense is clearly a relevant statutory consideration and falls squarely under R.C. 2929.14(C)(4)(a).

{¶ 18} For the foregoing reasons, Ropp's individual sentences are not contrary to law, and we cannot say the record clearly and convincingly does not support the trial court's consideration of the statutory principles and purposes of sentencing or the seriousness and recidivism factors.

### Imposition of Consecutive Sentences

{¶ 19} We reach the same conclusion with regard to the trial court's imposition of consecutive sentences. In his brief, Ropp acknowledges that the trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. Therefore, the consecutive sentences are not contrary to law. *State v. Mabra*, 2d Dist. Clark No. 2014-CA-147, 2015-Ohio-5493, ¶ 47 (noting that consecutive sentences are not contrary to law when the trial court makes the requisite statutory findings).

{¶ 20} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 21} The trial court must both make the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing journal entry. *Bonnell* at syllabus. To make the requisite "findings" under the statute, " 'the [trial] court must note that it engaged in the analysis "and that it has considered" the statutory criteria and specifie[d] which of the given bases warrants its decision.' " *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). A trial court need not give a "talismanic incantation of the words of the statute" when imposing consecutive sentences, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Id.* at ¶ 37; *see also State v. Thomas*, 8th Dist. Cuyahoga No. 102976, 2016-Ohio-1221, ¶ 16 ("the trial court's failure to employ the exact wording of the statute does not mean that the appropriate analysis is not otherwise reflected in the transcript or that the necessary finding has not been satisfied").

{¶ 22} With respect to the imposition of consecutive sentences, the trial court made the following findings at the sentencing hearing:

* * * In imposing consecutive sentences the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger the Defendant

poses to the public. Court also finds that the Defendant committed one or more of the multiple offenses while he was awaiting trial for a prior offense. Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of the conduct adequately reflects the seriousness of the conduct.

Specifically, the Court makes note of the Defendant's participation in a methamphetamine distribution network and the Defendant's destruction of valuable evidence regarding that drug distribution network.

Sentencing Tr. 38-39.

**{¶ 23}** In the instant case, the trial court articulated the findings required by R.C. 2929.14(C)(4) in order to impose consecutive sentences, namely that consecutive sentences are necessary to protect the public and punish Ropp and that he committed one or more of the multiple offenses while he was awaiting trial for a prior offense. Additionally, the trial court found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the conduct. The trial court based its findings upon Ropp's admitted participation in a methamphetamine distribution network and the destruction of evidence regarding that drug distribution network. Accordingly, on the record before us, we cannot conclude that the record clearly and convincingly fails to support the trial court's

consecutive sentence findings.

{¶ 24} Ropp's sole assignment of error is overruled.

{¶ 25} Ropp's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring:

I write separately, as I did in *State v. Bradley,* 2d Dist. Greene No. 2017-CA-64, 2018-Ohio-3192, ¶ 11, and *State v. Lawson,* 2018-Ohio-1532, __N.E.3d__, ¶ 20-21, to emphasize that ORAS is but one piece of information to be used by a court in following the mandates of the Revised Code and in exercising its discretion when imposing a sentence. The ultimate algorithmic score should not be given much weight without an understanding and analysis of the data that makes up the report.[2]

Copies mailed to:

Jane A. Napier
Thomas W. Kidd, Jr.
Hon. Nick A. Selvaggio

---

[2] "Although these measures were crafted with the best of intentions, I am concerned that they may inadvertently undermine our efforts to ensure individualized and equal justice. By basing sentencing decisions on static and immutable characteristics – like the defendant's education level, socioeconomic background, or neighborhood – they may exacerbate unwarranted and unjust disparities that are already far too common in our criminal justice system and in our society." Then-Attorney General Eric Holder, Jr., August 1, 2014.